UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT DOYLE,

          Plaintiff,          Case No. 1:09-cv-1150

v.                                      Honorable Robert J. Jonker

UNKNOWN CLARK et al.,

          Defendants.
_____/

**OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Discussion**

I.  Factual allegations

Plaintiff is incarcerated in the G. Robert Cotton Correctional Facility, but the events giving rise to his complaint occurred at the Robert A. Handlon Correctional Facility (MTU). Plaintiff sues the following MTU employees: Resident Unit Officer (RUO) (unknown) Clark, RUO (unkown) Banfil, RUO (unknown) Everingham and Grievance Coordinator C. Heffelbower.

Plaintiff claims that on December 31, 2008, he asked Defendant Clark if he could use the TTY telephone provided for deaf inmates. Clark denied Plaintiff's request. Plaintiff then asked Defendants Banfil and Everingham, who also denied his request. Plaintiff filed a grievance against Defendants Clark, Banfil and Everingham on January 3, 2009, for refusing his request to use the TTY telephone. (Step I Grievance, Exhibit 1, docket #1-2.) Plaintiff received a note from Defendant Heffelbower stating that, under the grievance policy, he was required to file a separate grievance against each of the three officers or file the existing grievance against only Defendant Clark. (Note from Grievance Coordinator at Step I, Exhibit 1, docket #1-2.) Plaintiff attempted to file a Step II grievance appeal, but Defendant Heffelbower again refused to process the grievance because Plaintiff had not properly filed a Step I grievance. Defendant Heffelbower further noted that any complaint that arose in 2008 would now be untimely under the grievance policy. (Note from Grievance Coordinator at Step II, Exhibit 1, docket #1-2.) Plaintiff attempted to file his grievance directly to Step III, but it was returned to him for filing at his facility.

Plaintiff claims that Defendants Clark, Banfil and Everingham violated his First Amendment right to access the TTY telephone, his Eighth Amendment right against cruel and unusual punishment and his Fourteenth Amendment equal protection rights. Plaintiff also claims

that Defendant Heffelbower retaliated against him for filing a grievance by refusing to process his grievance. In addition to his claims brought under § 1983, Plaintiff asserts violations of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.*, the Rehabilitation Act (RA), 29 U.S.C. § 701 *et seq.* and the Civil Rights of Institutionalized Persons Act (CRIPA), 42 U.S.C. § 1997a. Finally, Plaintiff asserts violations of Michigan law. Plaintiff seeks declaratory and injunctive relief, as well as compensatory damages of one million dollars from each Defendant and punitive damages of four million dollars from each Defendant.

## II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has

not 'show[n]' – that the pleader is entitled to relief." *Ashcroft*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Denial of TTY Telephone

#### 1. **First and Fourteenth Amendments**

Plaintiff claims that Defendants Clark, Banfil and Everingham violated his First and Fourteenth Amendment rights by denying him access to the TTY phone on December 31, 2008. With regard to Plaintiff's First Amendment claim, prisoners retain First Amendment rights to communicate with family and friends, including the reasonable access to a telephone. *See Washington v. Reno*, 35 F. 3d 1093, 1100 (6th Cir. 1994). However, an inmate has no right to unlimited telephone use. Rather, a prisoner's right to telephone access is subject to rational limitations in the face of legitimate security interests of the penal institution. *Id*. Defendants' refusal to allow Petitioner to use the TTY telephone on one isolated occasion clearly did not violate his First Amendment right to reasonable telephone access.

Plaintiff also fails to establish a violation of his Fourteenth Amendment rights because being denied access to the TTY telephone on one occasion did not impose an atypical and significant hardship in relation to the ordinary incidents of prison life. *See Sandin v. Conner*, 515

U.S. 472, 484 (1995); *Johnson v. Vroman*, No. 1:06-cv-145, 2006 WL 1050497, at *2 (W.D. Mich. Apr. 19, 2006) (citing cases) (a six-month restriction on telephone privileges does not amount to an atypical or significant hardship in relation to the ordinary incidents of prison life that would trigger the protection of the due process clause).

### 3. **Eighth Amendment**

Plaintiff further claims that his Eighth Amendment rights were violated when he was denied access to the TTY telephone on December 31, 2008. The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954. The alleged deprivation in this case, the denial of phone use on one occasion, clearly falls far short of the "unnecessary and wanton infliction of pain" required to implicate the Eighth Amendment.

### 4. **ADA, RA and CRIPA**

Plaintiff asserts claims under the ADA, RA and CRIPA. Title II of the ADA prohibits public entities from discriminating on the basis of an individual's disability in the provision of

services, programs, or activities. *See* 42 U.S.C. § 12132. The RA prohibits a program receiving federal funding from discriminating against an "otherwise qualified individual with a disability." 29 U.S.C. § 794(a). Plaintiff does not allege or show that the defendants deprived him of any service, program, or activities because of his disability. To the contrary, it is clear from Plaintiff's complaint that the prison provides a TTY telephone for hearing impaired prisoners and Plaintiff uses it on a regular basis. The fact that Plaintiff was denied use of the TTY telephone on one occasion fails to implicate the ADA or the RA. See *Moore v. Curtis*, 68 F. App'x 561, 563 (6th Cir. 2003) (prisoner who was disabled and used a wheelchair failed to state a claim under the ADA or RA when his disputes with staff and inmate assistants resulted in only isolated instances in which he missed meals or privileges).

Plaintiff also seeks relief under the Civil Rights of Institutionalized Persons Act (CRIPA), 42 U.S.C. § 1997a. However, an individual has no private right to bring an action under that Act. 42 U.S.C. § 1997a(c) (complaint must be signed by Attorney General); see also *Rudd v. Polsner*, No. 99-4466, 2000 WL 1206516, at *1 (6th Cir. Aug. 18, 2000) (affirming dismissal of action because prisoner had no private right of action under CRIPA). Consequently, Plaintiff's claim under this Act is likewise without merit.

### B. Grievance Process

Plaintiff claims that Defendant Heffelbower violated his First Amendment right of access to the court by refusing to process his grievance. The filing of grievances is constitutionally-protected conduct for which a prisoner cannot be retaliated against. *Shehee v. Luttrell*, 199 F.3d 295, 300-301 (6th Cir. 1999). However, a prisoner has no constitutional right to any effective grievance procedures or access to any such procedure voluntarily established by the

state.  *See Hewitt v. Helms*, 459 U.S. 460, 467 (1983); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994), *cert. denied*, 510 U.S. 1022 (1995) (collecting cases); *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991); *Miller v. Haines*, No. 97-3416, 1998 WL476247, at *1 (6th Cir. Aug. 3, 1998).  Moreover, it is clear that Plaintiff was able to use the grievance process.  He simply disagreed with Heffelbower's reason for rejecting his grievance, which states no claim of constitutional dimension.  *See Lyle v. Stahl*, No. 97-2007, 1998 WL 476189, at*1 (6th Cir. Aug. 3, 1998) (prisoner's allegation that grievance was improperly rejected does not present a deprivation of any federal right, as there is no inherent constitutional right to an effective prison grievance procedure).  Furthermore, Plaintiff was not denied his right of access to the courts by Heffelbower's refusal to process his grievance because a prisoner bringing a civil rights action in federal court is required to exhaust only his *available* administrative remedies.  *See* 42 U.S.C. § 1997e(a).

Plaintiff also claims that Defendant Heffelbower retaliated against him for filing a grievance by refusing to process the grievance.  Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution.  *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir.1999) (en banc).  In order to set forth a First Amendment retaliation claim, a plaintiff must establish that:  (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct.  *Thaddeus-X*, 175 F.3d at 394.  Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct.  *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

Assuming Plaintiff could satisfy the first two requirements for a retaliation claim, his claim of retaliatory motive is wholly conclusory. It is well recognized that "retaliation" is easy to allege and that it can seldom be demonstrated by direct evidence. *See Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005); *Murphy v. Lane*, 833 F.2d 106, 108 (7th Cir. 1987); *Vega v. DeRobertis*, 598 F. Supp. 501, 506 (C.D. Ill. 1984), *aff'd*, 774 F.2d 1167 (7th Cir. 1985). "[A]lleging merely the ultimate fact of retaliation is insufficient." *Murphy*, 833 F.2d at 108. "[C]onclusory allegations of retaliatory motive 'unsupported by material facts will not be sufficient to state . . . a claim under § 1983.'" *Harbin-Bey*, 420 F.3d at 580 (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir. 1987)); *see also Skinner v. Bolden*, 89 F. App'x 579, 579-80 (6th Cir. 2004) (without more, conclusory allegations of temporal proximity are not sufficient to show a retaliatory motive); *Birdo v. Lewis*, No. 95-5693, 1996 WL 132148, at *1 (6th Cir. Mar. 21, 1996); *Fields v. Powell*, No. 94-1674, 1995 WL 35628, at *2 (6th Cir. Jan. 30, 1995); *Williams v. Bates*, No. 93-2045, 1994 WL 677670, at *3 (6th Cir. Dec. 2, 1994). Plaintiff merely alleges the ultimate fact of retaliation in this action. He has not presented any facts to support his conclusion that Defendant Heffelbower retaliated against him for filing a grievance. To the contrary, the attachments to the complaint show that Heffelbower returned Plaintiff's grievances because they were not filed in compliance with the grievance policy. Accordingly, Plaintiff's speculative claim of retaliation fails to state a claim.

C.  State Law Claims

Plaintiff also asserts violations of state law. Section 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). To the extent that Plaintiff's complaint presents claims under

state law, this Court declines to exercise jurisdiction. "Where a district court has exercised jurisdiction over a state law claim solely by virtue of supplemental jurisdiction and the federal claims are dismissed prior to trial, the state law claims should be dismissed without reaching their merits." *Coleman v. Huff*, No. 97-1916, 1998 WL 476226, at *1 (6th Cir. Aug. 3, 1998) (citing *Faughender v. City of N. Olmsted, Ohio*, 927 F.2d 909, 917 (6th Cir. 1991)); *see also Landefeld v. Marion Gen. Hosp., Inc.,* 994 F.2d 1178, 1182 (6th Cir. 1993).

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee under § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated: __June 15, 2010__         /s/ Robert J. Jonker
                                 ROBERT J. JONKER
                                 UNITED STATES DISTRICT JUDGE